UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERRERA-RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN THICH, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01366 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND** |

　　　　Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against correctional staff and the warden at Salinas Valley State Prison ("SVSP"), where he was previously confined. Dkt. No. 1 at 9. Plaintiff is currently at the Richard J. Donovan Correctional Facility in San Diego. *Id.* at 16. This matter was reassigned to the undersigned on March 13, 2025. Dkt. No. 6. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.　　Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges four "claims." Dkt. No. 1 at 17-20.

**1.     Claim One: First Amendment and Eighth Amendment Violations (rights to be free of retaliation and use of unnecessary force)**

Plaintiff claims that on or about December 16, 2022, upon his arrival at SVSP-Facility "B," Defendant Lt. Erik Beam approached him and told him that "what happen to [him] at California City Facility was nothing compare[d] to what him and Defendant Thich… could have happen to [him], if [he] didn't work for them." Dkt. No. 1 ¶ 10. Plaintiff states that while at California City Correctional Facility, he was jumped and assaulted 10-25 times between November 2021 and March 2022, for "refusing to bring drugs at visit." *Id.* ¶ 11. Then on December 27, 2022, Defendants Y. De Leon and Eusteda pulled Plaintiff from his cell and escorted him to Building 1 rotunda, where Defendant Erik Beam, John Thich, and Paul Estrada were waiting. *Id.* ¶ 12. Then Defendant Estrada punched Plaintiff in the stomach, Defendant Beam body slammed him to the floor, and Defendant Thich stepped on his head "with severe extreme strength." *Id.* Then Defendant Beam started kicking Plaintiff in the stomach, chest, and his genital area. *Id.* Defendants Estrada and De Leon used their feet to "step on Plaintiff lifting his head." *Id.* ¶ 13. Defendant Beam squatted down and whispered to Plaintiff, "I'm hearing you['re]

2

not playing nice with my inmate crew, who the f*ck do you think you are to try to get rid of my informant." *Id.* Defendant Beam punched Plaintiff in the face, breaking his nose. *Id.* Defendant Thich told Plaintiff, "This was just a friendly warning bitch – know your place." *Id.*

Plaintiff was thrown back into his cell with no medical attention and not let out of his cell for 6 days, denying him 18 consecutive meals. *Id.* ¶ 14. He had a cut in his head, broken nose, bruised ribs and stomach, black eye, and cuts; he was in severe pain for over a month. *Id.* ¶ 15.

Plaintiff states that when he and his girlfriend attempted to report the incident, Defendants Beam and Thich harassed and threatened them. *Id.* ¶ 16. Plaintiff claims Defendants also allowed 3 inmates to beat him. *Id.* ¶ 17. Plaintiff claims that he feared to use or attempt to use the grievance process or to make a verbal complaint. *Id.* ¶ 18.

These allegations are sufficient to state a claim for excessive force against Defendants Estrada, Beam, Thich, and De Leon, on December 27, 2022. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The allegations are also sufficient to state a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff alleges that Defendants Beam and Thich harassed and threatened him when he attempted to report the excessive force incident which then chilled the exercise of his First Amendment right, and such conduct by Defendants clearly did not reasonably advance a legitimate correctional goal.

  2. **Claim Two: First Amendment and Eighth Amendment Violations (retaliation, intimidation, threat, use of unnecessary force)**

3

Plaintiff claims that in April 2024, he had two visits with his girlfriend, and that he and his girlfriend were harassed by Defendants Thich and Estrada. Dkt. No. 1 ¶ 19. As she was leaving the visit, CDCR officers told her that they had a search warrant for her car, but they refused to identify themselves or allow her to read the warrant. *Id.* Plaintiff's girlfriend contacted the Salinas Police Department who told her that searches were conducted by the police department or county sheriff and that she should report the incident. *Id.* ¶ 20. She filed a "citizen complaint" and made a "citizen complaint" to the SVSP warden. *Id.*

Three days later, on or about April 17 or 18, 2024, Defendants Thich, Estrada, Aldama, and De Leon put Plaintiff in the Captain's office where Defendants Estrada and Aldama punched Plaintiff in the face, knocking him out. *Id.* ¶ 21. Next thing he remembers is Defendant Thich kicking him the ribs, telling him that "if he or his girlfriend knew what was better, they leave it alone." *Id.* Defendant Thich reminded Plaintiff that "all drug activity had to be ok'ed by him." *Id.* ¶ 22. Plaintiff reported the incident to the warden. *Id.* ¶ 23. Then Defendants Thich and De Leon pulled him into the B-1 rotunda and told him to "shut his f*cking mouth if he knew what was best." *Id.*

Plaintiff states another excessive force claim against Defendants Estrada, Aldama, and Thich for the assault on April 17 or 18, 2024. *See Hudson*, 503 U.S. at 6-7. But allegations of mere threats are not cognizable under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, the claim of threats and intimidation against Defendants Thich and De Leon must be dismissed for failure to state a claim.

3. **Claim Three: Fourteenth Amendment and Eighth Amendment Violations (retaliation and use of unnecessary force)**

Plaintiff claims that in June 2024, Defendants allowed inmates to "jump" him in the concrete yard B-1, "according to Thich and De La Torre, to remind Plaintiff who run the yard." Dkt. No. 1 ¶ 24. Plaintiff told Defendant Galdillo that he feared for his safety and submitted a grievance as an emergency to the appeals office; it was never processed or

4

returned. *Id.* ¶ 25.

Liberally construed, Plaintiff states a failure to protect claim against Defendants Thich and De La Torre based on the attack by inmates in June 2024. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

However, the allegations are not sufficient to state a retaliation claim as Plaintiff fails to satisfy all five essential elements under *Rhodes*, 408 F.3d at 567-68. Nor does it appear that Plaintiff could amend this claim because the alleged conduct does not involve the exercise of Plaintiff's First Amendment right.

Furthermore, the allegation that Defendant Galdillo failed to process Plaintiff's grievance fails to state a cognizable claim. *See Ramirez v. Galaza*, 334 F3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of liberty interest in the processing of appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison official's failure to process grievance, without more, not actionable under § 1983).

### 4. Claim Four: First Amendment and Eighth Amendment violations (retaliation, cruel and unusual punishment, use of unnecessary force)

In support of this claim, Plaintiff alleges that he continued to fear for his life as he was aware that 3 inmates who had been experiencing the same things had been killed in Facility B in the last 5 months. Dkt. No. 1 ¶ 26. In September 2024, his girlfriend contacted Internal Affairs and reported the ongoing threats, beatings, and intimidation which were aimed at pressuring Plaintiff's girlfriend to agree to bring drugs "via visiting," which they refused to do. *Id.* At the end of the month, Plaintiff again reported the ongoing issues to the warden's office, appeals coordinator, and ISU Sgt. Gonzalez. *Id.* ¶ 27.

On August 25, 2024, after Defendants Thich and other defendants learned that Plaintiff's claims were being investigated, Defendant Thich and Zava falsified a "1030," claiming to have received confidential information that Plaintiff was responsible for

5

attempting to introduce a controlled substance into the Institution. *Id.* ¶ 28. The 1030 also stated that due to the situation, Plaintiff's safety would be in jeopardy if he stayed at SVSP. *Id.*

Plaintiff was being housed in ad-seg, but was escorted by John Does 1-3, Defendants Thich, Euseka, and Zava. *Id.* ¶ 29. Plaintiff was reminded "that it was easier for him to be found commit suicide if he open his mouth." *Id.* Plaintiff was punched hard and knocked out by an unidentified assailant. *Id.* Defendants Thich and Zava kicked him into unconsciousness. *Id.* Plaintiff reported this incident to Sgt. Gonzalez who merely laughed. *Id.* ¶ 30. However, another sergeant had Plaintiff transferred to Soledad pending transfer to RJD for his safety. *Id.*

The allegations are sufficient to state another excessive force claim against Defendants Thich and Zava. However, Plaintiff's allegations are insufficient to state a retaliation claims against Defendants Thich and Zava because he again fails to satisfy the fourth element under *Rhodes*, i.e., that their actions chilled the exercise of his First Amendment rights. He shall be granted leave to amend to correct this deficiency.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The following claims are **DISMISSED with prejudice** for failure to state a cognizable claim: (1) the claim based on threats and intimidation made in April 2024 against Defendants Thich and De Leon; (2) the claim against Defendant Galdillo for failure to process Plaintiff's grievance; and (3) retaliation claim based on the attack by inmates in June 2024.

2. The following claims are **DISMISSED with leave to amend**: (1) retaliation claim based on the December 27, 2022 incident; and (2) retaliation claim against Defendant Thich and Zava for the false "1030" against him. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the

court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 25-cv-01366 BLF (PR), and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original complaint, and Plaintiff may not make references to the original. Claims not included in the amended complaint are no longer claims and defendants not named therein are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal with prejudice of the deficient claims identified above for failure to state a claim for relief. This matter will then proceed on the following cognizable claims: (1) excessive force claim against Defendants Estrada, Beam, Thich, and De Leon for the December 27, 2022 incident; (2) retaliation claim against Defendants Beam and Thich; (3) excessive force claim against Defendants Estrada, Aldama, and Thich for the April 2024 incident; (4) failure to protect claim against Defendants Thich and De La Torre for the inmate attack in June 2024; and (5) excessive force claim against Defendants Thich and Zava following the false 1030 in August 2024. All other Defendants will be dismissed from this action as there are no claims against them.

3. The Clerk shall enclose two copies of the court's form complaint with a copy of this order.

**IT IS SO ORDERED.**

Dated: __July 15, 2025_____                              _____
                                                             BETH LABSON FREEMAN
                                                             United States District Judge

Order of Partial Dism. And w/LTA
PRO-SE\BLF\CR.25\01366Herrera-Ramos_dwlta

7