UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERRERA-RAMOS,<br>　　　Plaintiff,<br>　　v.<br>JOHN THICH, et al.,<br>　　　Defendants. | Case No. 25-cv-01366 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 11) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against correctional staff and the warden at Salinas Valley State Prison ("SVSP"), where he was previously confined. Dkt. No. 1 at 9. On July 15, 2025, the Court screened the complaint and dismissed it with leave to amend deficient claims. Dkt. No. 10. Plaintiff was advised that failure to file an amended complaint would result in the dismissal of the deficient claims and the matter would proceed on the cognizable claims. *Id.* at 7.

Plaintiff has filed a response, stating his desire to proceed with the cognizable claims and for the deficient claims to be dismissed without prejudice. Dkt. No. 11.

///

///

**DISCUSSION**

A. <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>**Plaintiff's Claims**</u>

In the screening order, the Court found the following cognizable claims:

**1.    <u>Claim One: First Amendment and Eighth Amendment Violations (rights to be free of retaliation and use of unnecessary force)</u>**

Plaintiff claims that on or about December 16, 2022, upon his arrival at SVSP-Facility "B," Defendant Lt. Erik Beam approached him and told him that "what happen to [him] at California City Facility was nothing compare[d] to what him and Defendant Thich… could have happen to [him], if [he] didn't work for them." Dkt. No. 1 ¶ 10. Plaintiff states that while at California City Correctional Facility, he was jumped and assaulted 10-25 times between November 2021 and March 2022, for "refusing to bring drugs at visit." *Id.* ¶ 11. Then on December 27, 2022, Defendants Y. De Leon and Euskeda pulled Plaintiff from his cell and escorted him to Building 1 rotunda, where Defendant Erik Beam, John Thich, and Paul Estrada were waiting. *Id.* ¶ 12. Then Defendant Estrada punched Plaintiff in the stomach, Defendant Beam body slammed him to the floor, and Defendant Thich stepped on his head "with severe extreme strength." *Id.* Then Defendant Beam started kicking Plaintiff in the stomach, chest, and

2

his genital area. *Id.* Defendants Estrada and De Leon used their feet to "step on Plaintiff lifting his head." *Id.* ¶ 13. Defendant Beam squatted down and whispered to Plaintiff, "I'm hearing you[']re not playing nice with my inmate crew, who the f*ck do you think you are to try to get rid of my informant." *Id.* Defendant Beam punched Plaintiff in the face, breaking his nose. *Id.* Defendant Thich told Plaintiff, "This was just a friendly warning bitch – know your place." *Id.*

Plaintiff was thrown back into his cell with no medical attention and not let out of his cell for 6 days, denying him 18 consecutive meals. *Id.* ¶ 14. He had a cut in his head, broken nose, bruised ribs and stomach, black eye, and cuts; he was in severe pain for over a month. *Id.* ¶ 15.

Plaintiff states that when he and his girlfriend attempted to report the incident, Defendants Beam and Thich harassed and threatened them. *Id.* ¶ 16. Plaintiff claims Defendants also allowed 3 inmates to beat him. *Id.* ¶ 17. Plaintiff claims that he feared to use or attempt to use the grievance process or to make a verbal complaint. *Id.* ¶ 18.

These allegations are sufficient to state a claim for excessive force against Defendants Estrada, Beam, Thich, and De Leon, on December 27, 2022. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

The allegations are also sufficient to state a retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff alleges that Defendants Beam and Thich harassed and threatened him when he attempted to report the excessive force incident which then chilled the exercise of his First Amendment right, and such conduct by Defendants clearly did not reasonably advance a legitimate correctional goal.

[¶]…[¶]

3. **Claim Three: Fourteenth Amendment and Eighth Amendment Violations (retaliation and use of unnecessary force)**

Plaintiff claims that in June 2024, Defendants allowed inmates to "jump" him in the concrete yard B-1, "according to Thich and De La Torre, to remind

3

Plaintiff who run the yard." Dkt. No. 1 ¶ 24.  Plaintiff told Defendant Galdillo that he feared for his safety and submitted a grievance as an emergency to the appeals office; it was never processed or returned.  *Id.* ¶ 25.

Liberally construed, Plaintiff states a failure to protect claim against Defendants Thich and De La Torre based on the attack by inmates in June 2024.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994).

[¶]…[¶]

### 4. <u>Claim Four: First Amendment and Eighth Amendment violations (retaliation, cruel and unusual punishment, use of unnecessary force)</u>

In support of this claim, Plaintiff alleges that he continued to fear for his life as he was aware that 3 inmates who had been experiencing the same things had been killed in Facility B in the last 5 months.  Dkt. No. 1 ¶ 26.  In September 2024, his girlfriend contacted Internal Affairs and reported the ongoing threats, beatings, and intimidation which were aimed at pressuring Plaintiff's girlfriend to agree to bring drugs "via visiting," which they refused to do.  *Id.*  At the end of the month, Plaintiff again reported the ongoing issues to the warden's office, appeals coordinator, and ISU Sgt. Gonzalez.  *Id.* ¶ 27.

On August 25, 2024, after Defendants Thich and other defendants learned that Plaintiff's claims were being investigated, Defendant Thich and Zava falsified a "1030," claiming to have received confidential information that Plaintiff was responsible for attempting to introduce a controlled substance into the Institution.  *Id.* ¶ 28.
The 1030 also stated that due to the situation, Plaintiff's safety would be in jeopardy if he stayed at SVSP.  *Id.*

Plaintiff was being housed in ad-seg, but was escorted by John Does 1-3, Defendants Thich, [Euskeda], and Zava.  *Id.* ¶ 29.  Plaintiff was reminded "that it was easier for him to be found commit suicide if he open his mouth."  *Id.*  Plaintiff was punched hard and knocked out by an unidentified assailant.  *Id.*  Defendants Thich and Zava kicked him into unconsciousness.  *Id.*  Plaintiff reported this incident to Sgt. Gonzalez who merely laughed.  *Id.* ¶ 30.  However, another sergeant had Plaintiff transferred to Soledad pending transfer to RJD for his safety.  *Id.*

The allegations are sufficient to state another excessive force claim against Defendants Thich and Zava.

4

Dkt. No. 10 at 2-3, 4-6.  In accordance with Plaintiff's notice, all other claims shall be dismissed without prejudice from the complaint.  Dkt. No. 11.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. This matter is proceeding on the following cognizable claims: (1) excessive force claim against Defendants Estrada, Beam, Thich, and De Leon for the December 27, 2022 incident; (2) retaliation claim against Defendants Beam and Thich; (3) excessive force claim against Defendants Estrada, Aldama, and Thich for the April 2024 incident; (4) failure to protect claim against Defendants Thich and De La Torre for the inmate attack in June 2024; and (5) excessive force claim against Defendants Thich and Zava following the false 1030 in August 2024.

All other claims are DISMISSED without prejudice.  The Clerk shall terminate all other defendants from this action as there remain no claims against them.

2. The following SVSP Defendants shall be served at the CDCR:

    a. **Correctional Officer Paul Estrada**
    b. **Captain Erik Beam**
    c. **Correctional Lieutenant John Thich**
    d. **Correctional Officer Y. De Leon**
    e. **Correctional Officer Aldama (B-Yard Officer)**
    f. **Correctional Officer De La Torre (Building 1 and 5 Officer)**
    g. **Correctional Sergeant D. Zava**

3. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, the Court's initial screening order, Dkt. No. 11,

this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

4. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

5. Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the**

**appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

7. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

8. Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

9. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

10. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: **August 25, 2025**

*(signature)*
BETH LABSON FREEMAN
United States District Judge

Order of Partial Dism & Service
PRO-SE\BLF\CR.25\01366Herrera-Ramos_svc

8